**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GERARDO ALVAREZ,** on behalf of himself, and all other similarly situated plaintiffs known and unknown, | ) ) ) ) | **№.** 16 cv |
| Plaintiff | ) ) | Honorable Judge |
| v. | ) ) ) | ***JURY DEMAND*** |
| **GREENWISE ORGANIC LAWN CARE LLC. AND MARC EDWARD WISE** individually, | ) ) ) | |
| Defendants | ) ) | |

**COMPLAINT**

NOW COMES Plaintiff, **GERARDO ALVAREZ,** on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, John W. Billhorn and Meghan A. VanLeuwen, and for his Complaint against Defendants, **GREENWISE ORGANIC LAWN CARE LLC, AND MARC EDWARD WISE,** individually, states as follows:

### I.     NATURE OF ACTION

1.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*., the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq*.

### II.     JURISDICTION AND VENUE

2.     Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq*., and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367.  Venue lies in the Northern District of Illinois in

that during all times relevant to the employment relationship Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

### III.  THE PARTIES

3.    Defendant, **GREENWISE ORGANIC LAWN CARE LLC** provides landscaping, gardening, snowplowing, and maintenance services. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA. During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and, therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.    Defendant, **MARC EDWARD WISE,** is an owner/operator of Greenwise Organic Lawn Care LLC, and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and, therefore, as defined under both the federal and state statutes relied upon, is an "employer."

5.    Plaintiff, **GERARDO ALVAREZ** (hereinafter "the named Plaintiff"), is a former employee who performed work for Defendants as a seasonal landscaping foreman, laborer and snowplow operator. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants. As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

6.    The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

7.    The non-compliant practices as alleged herein were part of a practice and policy implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## IV. STATUTORY VIOLATIONS

**Collective Action under the Fair Labor Standards Act**

8.      Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative, or a collective action on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

9.      Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*., Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

**Class Action under the Illinois Wage Payment and Collection Act**

10.      Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq*., Count V of this action is brought by the named Plaintiff as a Fed. R. Civ. P. 23 class action to recover unauthorized deductions taken on or after the date ten (10) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V.

## V.      FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

11.      Plaintiff at all times pertinent to the cause of action was employed by Defendants, said employment being integral and indispensable to Defendants' business.

12.      Defendants employed named Plaintiff at an hourly rate of pay during the course of his employment.

13.      Defendants have, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiff, and required the named Plaintiff, and all similarly situated members of the Plaintiff Class, to perform work off-the-clock before their

scheduled shifts, to the benefit of the Defendants several times a week. The off-the-clock work included gathering tools to be used throughout the day at job sites, checking the tools and trucks to be sure they were clean and working, loading the trucks, and receiving daily instructions. This work time off-the-clock from their scheduled shift was without pay as required by the state and federal statutes relied upon herein

14. Additionally, Defendants have, both in the past and presently, failed to compensate Plaintiff and similarly situated employees for all time worked at their time and one-half rate of pay for hours worked over forty in a single workweek.

15. Furthermore, Plaintiff and all similarly situated members of the Plaintiff class experienced unauthorized deductions from their paychecks for uniforms. These unauthorized deductions were unlawful and without written authorization by Plaintiff and members of the Plaintiff Class as required by the federal and state statutes herein relied upon.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-15. Paragraphs 1 through 15 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 15 of this Count I.

16. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     awarding Plaintiff his reasonable attorney's fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d)     For such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-16.    Paragraphs 1 through 16 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 16 of Count II.

17.    Defendants' actions as complained above were done with Defendants' knowledge that the compensation policy and practice at issue were in violation of the statutes alleged or with a reckless disregard for whether or not the policy and practice were in violation of those statutes.

18.    Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in any given week, in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     awarding Plaintiff his reasonable attorney's fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)     For such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-18.    Paragraphs 1 through 18 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 18 of Count III.

19.    In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

20.    The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)    awarding liquidated damages equal to the amount of all unpaid compensation;

(b)    awarding Plaintiff his reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)    For such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-20.    Paragraphs 1 through 20 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 20 of this Count IV.

21.    As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 et. seq.

22.    During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

23. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) Declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) Awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) Directing Defendants to pay to Plaintiff his reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e) For such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### UNAUTHORIZED DEDUCTIONS

1-23. Paragraphs 1 through 23 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 23 of this Count V.

24. Throughout the course of Plaintiff's and the Plaintiff class' employment, they had an employment relationship with Defendants, and an employment agreement, established by the present and prior conduct of the parties evincing their intent to be parties to an employer-employee relationship.

25. During the course of Plaintiff's and the Plaintiff class' employment, Defendants made deductions from their wages for uniform costs.

26.     Such deductions (1) were not required by law; (2) were not to Plaintiff's benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made pursuant to a valid and compliant authorization form, signed and dated by Plaintiff.

27.     Defendants violated the IWPCA, 820 ILCS 115/9, by making an unauthorized and unlawful deduction from Plaintiff's and the Plaintiff class' wages.

28.     Plaintiff was damaged by Defendants' violation of the IWPCA.

29.     This Count V is brought as a R. 23 class action, because although the precise number is unknown, the Plaintiff class is so numerous that joinders of their claims would be impracticable.  It is estimated that there are at least 50 individuals in the putative class who experienced uniform deductions.

30.     The uniform deductions present common questions of law and fact which predominate over variations that exist in the Plaintiff class, and the named Plaintiff's claims as to uniform deductions are typical of those presented by the putative class.

31.     Moreover, Plaintiff is an appropriate and adequate representative of the Plaintiff class, and Plaintiff's counsel is competent in the field of wage and hour claims including collective and class actions.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter,  in violation of the provisions of the Illinois Wage Payment and Collection Act;

(b)     awarding an amount of damages pursuant to the formula set forth in the IWPCA, Section 115/14(a);

(c)     ordering Defendants to account for unauthorized deductions to Plaintiff and the class Plaintiff represents and entering judgment in Plaintiff's and the Plaintiff class' favor;

(d)      directing Defendants to pay to Plaintiff his reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e)      for such additional relief it deems just and appropriate under the circumstances.

Respectfully submitted,

***Electronically Filed 09/01/2016***

/s/ John W. Billhorn

_____

John W. Billhorn

BILLHORN LAW FIRM
53 W. Jackson Blvd. Suite 840
Chicago, IL 60604
(312) 853-1450


/s/ Meghan A. VanLeuwen

_____

Meghan A. VanLeuwen

FARMWORKER AND LANDSCAPER
ADVOCACY PROJECT
33 N. LaSalle Street, Suite 900
Chicago, IL 60602
(312) 784-3541

Attorneys for Plaintiff, and all other
Plaintiffs similarly situated known or
unknown.