## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS ("Agreement") is entered into this ___ day of December, 2016, by and between Gerardo Alvarez and all of his heirs, successors, administrators, executors or assigns known and unknown (collectively "Alvarez") and Greenwise Organic Lawn Care, LLC and Marc Edward Wise, individually, all current and former officers, directors, shareholders, servants, representatives, agents, employees, successors, assigns, insurers, guarantors, indemnitors, affiliates, subsidiaries, parent companies and any person or entity acting on behalf of Greenwise, Organic Lawn Care, LLC or its present or former entities or Marc Edward Wise, (collectively "Greenwise").

Whereas, Alvarez filed civil action No. 1:16-CV-8598 (the "Lawsuit") against Greenwise, in the United States District Court for the Northern District of Illinois, entitled Gerardo Alvarez, on behalf of himself, and all other similarly situated plaintiffs known and unknown, Plaintiff v. Greenwise Organic Lawn Care LLC. and Marc Edward Wise individually, Defendants, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1, *et seq.* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/ *et seq.*

Whereas, Greenwise denies all allegations of unlawful or wrongful conduct alleged in the Lawsuit.

Whereas, Alvarez and Greenwise are interested in fully and expeditiously resolving all disputed claims, contracts, charges, complaints or issues of law or fact that have been or could have been raised by Alvarez (excluding any of Alvarez's claims as further defined in Paragraphs 5 and 6 herein) without admission of any liability or wrongdoing by Greenwise and Alvarez and Greenwise have agreed to enter into this Settlement Agreement and General Release of Claims.

## <u>AGREEMENT</u>

**NOW THEREFORE**, in consideration of the mutual promises in this Agreement, it is agreed as follows:

1.  Greenwise agrees to pay to Alvarez and his attorneys the total sum of $14,000.00 in settlement of his claims not excluded in Paragraphs 5 and 6 below and any claims for attorneys' fees that any attorney, including but not limited to all attorneys who have filed appearances in the Lawsuit, may have. Said payment will be made in four checks as

follows:

    a.  One in the gross amount of $3,500.00, less applicable withholdings, made payable to Gerardo Alvarez, representing settlement of his wage claims. Greenwise will forward to Alvarez a W-2 Form at the appropriate time reflecting this payment;

    b.  One in the gross amount of $3,500.00 made payable to Gerardo Alvarez, representing claims for liquidated damages. Greenwise will forward to Alvarez an IRS Form 1099 in connection with this payment;

    c.  One in the amount $2,850.00 made payable to Alvarez's attorneys, Farmworker & Landscaper Advocacy Project (Federal Tax Identification No. 36-4306362), for attorneys' fees and costs. Greenwise will issue Alvarez and Farmworker & Landscaper Advocacy Project IRS Forms 1099 in connection with this payment.

    d.  One in the amount of $4,150.00 made payable to Alvarez's attorneys, Billhorn Law Firm (Federal Tax Identification No. 26-0543160), for attorneys' fees and costs. Greenwise will issue Alvarez and Billhorn Law Firm IRS Forms 1099 in connection with this payment.

2.    The payments described in Paragraph 1 will be made to Alvarez and his attorneys within fourteen (14) days of the parties' executing the Agreement and Judge Gettleman approving the Agreement and dismissing the Lawsuit with said dismissal becoming a dismissal with prejudice following payment of the amounts described in Paragraph 1 and as set forth in the court's order.  Each party shall bear its own costs and attorneys' fees.

3.    After this Agreement is executed by the parties, they shall file a joint motion for court approval of the settlement agreement. Upon the Court's approval of the Agreement, the Agreement shall become final and enforceable and provided the payments are made in Paragraph 1 above, Alvarez shall not seek to reinstate the Lawsuit.  In the event that the Court does not approve the terms of the settlement, the Agreement shall be void and of no further effect.

4.    Alvarez agrees that he is not entitled to the payments referenced in Paragraph 1 above absent his execution of this Agreement.

5.    This Agreement does not include or cover any claims that could be made under state workers compensation or unemployment compensation laws, and/or any other claims that by law cannot be waived, including the filing of an administrative charge.  Alvarez

affirmatively states that he is unaware of any circumstances that would give rise to a workers' compensation claim against Greenwise for which he has not already filed a workers' compensation claim. This Agreement does preclude the right to monetary recovery should the Equal Employment Opportunity Commission or any other agency pursue any other claim on Alvarez's behalf.

6.  This Agreement specifically excludes the claims made by Alvarez against Greenwise Organic Lawn Care LLC in the case currently pending at the Equal Employment Opportunity Commission, Charge No. 440-2016-05243 in which Alvarez alleges claims of disability discrimination under the Americans with Disabilities Act and the Illinois Human Rights Act.

7.  For the purpose of implementing a full and complete release and discharge of Greenwise, Alvarez expressly acknowledges that this Agreement includes, without limitation, all claims, except for the claims raised in the EEOC Charge referred to in Paragraph 6 herein, of which Alvarez does not have knowledge or suspect to exist in his favor at the time of execution hereof, and that this Agreement contemplates the extinguishment of any such claim or claims.

8.  Alvarez represents and acknowledges that in executing this Agreement, he does not and has not relied upon any representation or statement not set forth herein made by Greenwise or any of Greenwise's agents, representatives, or attorneys with regard to the basis or effect of this Agreement. This Agreement constitutes the entire agreement and understanding of the parties in this matter and supersedes and replaces any and all prior agreements or understandings between the parties in this matter. This Agreement may be modified only by a written instrument signed by the parties.

9.  Alvarez agrees that he shall not, at any time, apply for employment with Greenwise and shall not be eligible or qualified for any position or job opening at Greenwise. Greenwise agrees to provide a neutral reference (dates of employment and position(s) held) to any employer inquiring about his employment history with Greenwise.

10. The existence, execution or terms of this Agreement shall not be considered, and shall not be admissible in any proceeding, as an admission by Greenwise, or by any of its past or present agents or employees, of any liability, violation, error, or omission. It is understood and agreed that this settlement is a compromise of disputed claims and that the payment made is

not to be construed as an admission of liability by the parties, and that the Defendant denies liability therefore and the parties intend merely to settle and avoid further litigation. Alvarez agrees that he is not a "prevailing party" under any law.

11. It is expressly understood and agreed by Alvarez that this Agreement may be pleaded as a complete defense to, and in bar of, any action or proceeding brought, maintained or conducted by Alvarez in connection with or on account of the matters released herein as set forth above.

12. Alvarez warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise on or against the claims or causes of action of Alvarez herein and, further, that Alvarez is fully entitled to enter into this Agreement and release and/or waive all claims and causes of action as set forth herein.

13. **RELEASE:** In exchange for receiving the payments described in Paragraph 1 above, Alvarez, as a free and voluntary act, hereby releases and discharges Greenwise and covenants not to sue Greenwise regarding any and all debts, obligations, claims, causes of action, attorneys' fees, demands or rights, arising out of Alvarez's employment with Greenwise (except as specifically excluded in paragraphs 5 and 6 above) including, but not limited to, claims for overtime, unpaid wages, bonuses, commissions, or wage increases; claims for unlawful deductions; claims under employment contracts; judgments or causes of action of any kind whatsoever in tort, contract, by statute, or on any other basis for compensatory, punitive and/or other damages; expenses, reimbursements or costs of any kind, including any and all claims which might arise out of allegations relating to a claimed breach of an alleged oral or written employment contract; any and all claims for intentional infliction of emotional distress; violation of public policy; invasion of privacy; fraud; retaliation; retaliatory discharge; claims for negligence and/or any other common law claims; claims which might arise out of allegations relating to defamation, libel and/or slander; claims which might arise out of allegations of quasi-contract and/or promissory estoppel; and/or any and all claims relating to alleged employment discrimination, employment rights, civil rights violations, or sexual harassment, including, but not limited to, any claims arising under Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Acts of 1866 and 1871; Executive Order 11246, as amended; the Civil Rights Act of 1991; the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. and Executive

Order 11,141; the Older Workers Benefit Protection Act; the Employee Retirement Income Security Act, as amended; the Equal Pay Act, as amended; the Vocational Rehabilitation Act of 1973, as amended; the Fair Labor Standards Act, 29 U.S.C. §§201-219; the Family and Medical Leave Act of 1993 (FMLA), ”), 29 U.S.C. §2601 *et seq.*; claims alleging retaliatory discharge under the Illinois Worker's Compensation Act, 820 ILCS 305/1, *et seq.*; the Illinois Human Rights Act, as amended; the Illinois Constitution; the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq.,the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq.,; and/or any other claims, actions, causes of action or liability arising under any applicable federal, state or local statute or ordinance, as amended, including but not limited to all claims which were or could have been raised in the Lawsuit.

14.    Other Agreements By Alvarez. Alvarez further agrees and understands that:

a) his waiver and release of his legal rights under this Agreement is knowing and voluntary and he has not been coerced, threatened, or intimidated into signing this Agreement;

b) the monetary payments provided in this Agreement represent consideration over and above that to which he otherwise would be entitled and these payments would not be made to his had he not signed this Agreement;

c) he has been represented by counsel in this matter and consulted with counsel regarding the terms of this Agreement.

15.    Alvarez agrees to refrain from uttering or publishing (including, but not limited to, written, oral or internet website publication) any disparaging, derogatory or negative statements, comments or remarks concerning Greenwise or Marc Wise.  Marc Wise and Greenwise managers agree to refrain from uttering or publishing (including, but not limited to, written, oral or internet website publication) any disparaging, derogatory or negative statements, comments or remarks concerning Alvarez.  Furthermore, upon inquiry by a third party employer, Greenwise agrees to disclose only Plaintiff's name, dates of employment, and position/s.  Nothing in this paragraph shall be construed to limit the parties' actions or statements in furtherance of their prosecution or defense of the matter described in Paragraph 6, above.

16.    The provisions of this Agreement are severable, and if any part is found to be unenforceable, the other paragraphs shall remain fully valid and enforceable.

17.   This agreement may be executed in counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same agreement.

18.   Alvarez agrees that the provisions set forth in this Agreement are written in language understandable to him and further affirms that he understands the meaning of the terms of this Agreement and their effect.  Alvarez represents that he enters into this Agreement freely and voluntarily.


**PLEASE READ CAREFULLY.   THIS AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS AS DESCRIBED ABOVE.**

I HAVE READ THE FOREGOING GENERAL RELEASE AND FULLY UNDERSTAND AND AGREE TO THE SAME.


Agreed by Plaintiff:

_____
Gerardo Alvarez

Date_____


Agreed by Defendants:

GREENWISE, INC.


By: _____

Date_____




_____
Marc Edward Wise


Date_____